# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

Lyle W. Cayce
Clerk

No. 10-10472
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN RAY ADAMS, also known as Duck,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-3

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Ray Adams was convicted of one count of conspiring to maintain a place used to distribute methamphetamine and one count of maintaining a place used to distribute methamphetamine. He was sentenced to serve 400 months in prison and three years on supervised release.

In this appeal, Adams argues that his sentence is substantively unreasonable because the district court failed to properly account for his history and characteristics as well as the nature and circumstances of his offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10472

Because this argument was not presented to the district court, it is reviewed for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail under this standard, Adams must show that a clear or obvious error occurred and that it affected his substantial rights. *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009). If he makes this showing, this court has the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation and citation omitted).

Although couched as a challenge to substantive reasonableness, Adams's arguments concerning the propriety of his sentence amount to a disagreement with the district court's weighing of the pertinent sentencing factors and the appropriateness of his within-Guidelines sentence. This disagreement does not suffice to show error in connection with his sentence, nor has Adams rebutted the presumption of reasonableness that attaches to his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006)

We note that counsel invokes *Anders v. California*, 386 U.S. 738 (1967) and examines several other issues in his brief before concluding that these potential claims present no nonfrivolous arguments for appellate review. Because counsel has not moved to withdraw from the case and has argued the merits of an issue, this discussion is superfluous, and we decline to consider it.

The judgment of the district court is AFFIRMED.